## GENERAL COURT, MAY TERM, 1804.

### BUTCHER *vs.* NORWOOD.

DEBT upon an *appeal bond*, for prosecuting an appeal from a judgment of affirmance rendered in this court, to the court of appeals. *General performance* was pleaded, and the plaintiff replied the recovery of a judgment in *Baltimore* county court, on verdict, in an action of *assault and battery*, which was removed to and affirmed in this court, and also removed to and affirmed in the court of appeals. The general issue was joined. The question was whether, as the judgment had been affirmed in this court and in the court of appeals without interest, or damages by way of interest having been assessed in either of the courts, the plaintiff, upon the appeal bond, could recover interest from the time when the judgment was rendered in the county court?

*Where the court of appeals affirms a judgment of the court below, without awarding interest by way of additional damages, in an action on the appeal or writ of error bond, interest can be recovered only from the time of the affirmance.*

*On the affirmance of a judgment rendered in the court below in an action of assault and battery, interest by way of additional damages may be awarded.*

*Key*, for the defendant, cited the case of *West vs. Hyland*, in the general court for the eastern shore, where he said a *scire facias* issued to revive a judgment for a sum of money which did not carry interest, the court said, that as there had been a payment made of part of the money recovered, such payment should be applied towards the payment of interest; but that if there had been no payment made, there could be a *fiat* entered only for the sum recovered.

Judgments do not carry interest at common law *ex consequenti,* to carry interest an action of debt must be brought upon the judgment.

The extent of the appeal bond is that the party is bound to prosecute the appeal, and pay the sum recovered in the inferior court, and all damages and costs awarded in the superior court, if the judgment is affirmed. The sum to be paid on the breach of the condition of the bond, depended upon the judgment which the superior court might give, and if that court did not give interest or assess damages, none can be recovered under this bond except from the time when the judgment was affirmed in that court.

*Harper*, contra. A *scire facias* upon a judgment is different from this action. A *fiat* can only be for the sum originally recovered. By the act of 1785, *ch.* 80, *s.* 13, upon the plea of payment or performance in an action on a bond, the jury may by their verdict ascertain the sum due, and the judgment is to be entered for the penalty, to be released on payment of the sum so found to be due, and *interest* thereon until paid, and costs of suit.

The plaintiff was at liberty to bring either debt upon the judgment or debt upon the appeal bond, and certainly may recover interest from the time when the original judgment was rendered in the county court. There can be no difference between this bond and a bond for the payment of money which does not specify that interest is to be paid. All bonds with a penalty are to recover the sum due with *interest.* Every judgment carries interest, and it is a breach of

the condition of the appeal bond not to pay the interest.

CHASE, Ch. J. If the court of appeals had been applied to for that purpose, they would have assessed additional damages for the interest which had accrued from the time of the recovery of the judgment in the county court, to the day when they affirmed the judgment on the appeal from the general court. But it appears that the judgment of the general court was affirmed with costs only. Nonpayment of this judgment is a breach of the condition of the appeal bond, and is only covered by the penalty. The court are of opinion, that the plaintiff in this case can only recover in this action interest from the day when the court of appeals affirmed the judgment of the general court. See 2 *T. R.* 58.